# EXHIBIT A

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (8/01/08) CCG N001 |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

No. 09CH35412

Dawanyia Slayton

(Name all parties)

v.

Kaplan, Inc., et al.

Serve: Kaplan, Inc.
c/o CT Corporation System
208 S. LaSalle St.
Suite 814
Chicago, Illinois 60604

SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 42353
Name: Converse & Brown, LLC
Atty. for: Plaintiff
Address: 105 West Adams Street, Suite 3000
City/State/Zip: Chicago, IL 60603
Telephone: (312) 789-9700

WITNESS, _____,

DOROTHY BROWN SEP 24 2009

Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(8/01/08) CCG N001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY

09CH35412

No. _____

Dawanyia Slayton

(Name all parties)

v.

Kaplan, Inc., et al.

SUMMONS

Serve: Kaplan Higher Education Corporation
c/o CT Corporation System
208 S. LaSalle St.
Suite 814
Chicago, Illinois 60604

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- [✓] Richard J. Daley Center, 50 W. Washington, Room 802, Chicago, Illinois 60602
- [ ] District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077
- [ ] District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008
- [ ] District 4 - Maywood
  1500 Maybrook Ave.
  Maywood, IL 60153
- [ ] District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455
- [ ] District 6 - Markham
  16501 S. Kedzie Pkwy.
  Markham, IL 60426
- [ ] Child Support
  28 North Clark St., Room 200
  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 42353
Name: Converse & Brown, LLC
Atty. for: Plaintiff
Address: 105 West Adams Street, Suite 3000
City/State/Zip: Chicago, IL 60603
Telephone: (312) 789-9700

WITNESS, _____, _____

DOROTHY BROWN   SEP 24 2009
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(8/01/08) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

No. 09CH35412

Dawanyia Slayton

(Name all parties)

v.

Kaplan, Inc., et al.

Serve: Iowa College
Acquisition Corp.
c/o CT Corporation System
208 S. LaSalle St.
Suite 814
Chicago, Illinois 60604

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 42353

Name: Converse & Brown, LLC

Atty. for: Plaintiff

Address: 105 West Adams Street, Suite 3000

City/State/Zip: Chicago, IL 60603

Telephone: (312) 789-9700

WITNESS, _____,

DOROTHY BROWN  SEP 2 4 2009

Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DAWANYIA SLAYTON, individually and on behalf of a class of persons similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| KAPLAN INC., a Delaware corporation, KAPLAN HIGHER EDUCATION CORPORATION, a Delaware corporation, and IOWA COLLEGE ACQUISITION CORP., a Delaware corporation, d/b/a KAPLAN UNIVERSITY, and also d/b/a KAPLAN UNIVERSITY GROUP, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. _____

09CH35412

## CLASS ACTION COMPLAINT

Plaintiff, Dawanyia Slayton, individually and on behalf of a class of persons similarly situated (collectively, "Plaintiffs"), through her attorneys, Converse & Brown, LLC, and for her Class Action Complaint against Defendants Kaplan, Inc., Kaplan Higher Education Corporation, and Iowa College Acquisition Corp. d/b/a Kaplan University or Kaplan University Group (collectively, "Defendants"), alleges as follows:

### THE PARTIES AND JURISDICTION

1. Plaintiff, Dawanyia Slaton, on behalf of herself and all others similarly situated, brings this action to recover from Defendants unpaid wages, overtime compensation, statutory penalties, attorneys' fees, and costs, pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*

2. Jurisdiction is conferred by 735 ILCS 5/2-209 because Defendants have transacted business and committed acts directly relating to the matters complained of herein within the State of Illinois.

3. Venue is proper in this county pursuant to 735 ILCS 5/2-101 because Defendants have offices and are doing business in this county, and because many of the transactions or parts thereof as alleged herein occurred in this county.

4. Plaintiff Slayton is a resident of Chicago, Illinois and is a former employee of Defendants. Plaintiff Slayton worked at Defendants' facility in Chicago, Illinois.

5. Plaintiff Slayton brings this action as a class action pursuant to 735 ILCS 5/2-801 for claims arising under the Illinois Minimum Wage Law (Count I) and the Illinois Wage Payment and Collection Act (Count II).

6. Defendant Kaplan, Inc. is a Delaware corporation qualified to do business in Illinois, and is a subsidiary of The Washington Post Company. Defendant Kaplan, Inc.'s business involves, among other things, selling products and services relating to education and test preparation to customers throughout the United States.

7. Defendant Kaplan Higher Education Corporation is a Delaware corporation qualified to do business in Illinois, and is a subsidiary of Defendant Kaplan, Inc. Defendant Kaplan Higher Education Corporation is among the nation's leading providers of secondary and post-secondary education, offering courses and various certificate and degree programs, on campus and online.

8. Defendant Iowa College Acquisition Corp. is a Delaware corporation qualified to do business in Illinois, and conducts business under the assumed names of Kaplan University and Kaplan University Group. Defendant Iowa College Acquisition Corp. is a subsidiary of Defendant Kaplan Higher Education Corporation.

<div style="text-align: center"><u>DEFENDANTS' FAILURE TO PROPERLY PAY OVERTIME WAGES</u></div>

9. Plaintiff worked as a non-exempt Admissions Advisor for Defendants, performing duties including, but not limited to, the following: (1) contacting prospective students on behalf

of Defendants; (2) communicating with those prospective students relating to educational services offered by Defendants; and (3) following up with the prospective students, with the goal of enabling them to enroll in Defendants' courses or programs.

10. Defendants, through their managers, supervisors or other agents, routinely required Plaintiff to work an additional 15-60 minutes beyond the end of her regularly-scheduled, eight-hour daily shift, in order to allow Defendants to satisfy their weekly enrollment goals.

11. Defendants also required Plaintiff to work approximately two Saturdays each month throughout the course of her employment. Plaintiff would typically work an approximate four-hour shift on such Saturday.

12. Defendants' requests as set forth in Paragraphs 10 and 11 routinely caused Plaintiff to work in excess of forty hours per week. However, Defendants did not compensate Plaintiff for such hours at a wage of 1.5 times her hourly rate, as required by the Illinois Minimum Wage Law, 820 ILCS 105/4a.

13. Defendants have a policy and practice of requiring many of its employees, including Plaintiffs, to work in excess of forty hours per week, and failing to compensate such employees at a wage of 1.5 times each Plaintiff's respective hourly rate.

14. Plaintiffs routinely worked in excess of forty hours in any given workweek during their employment by Defendants.

15. Defendants' failure to compensate Plaintiffs at a wage of 1.5 times each Plaintiff's respective hourly rate has caused Plaintiffs to suffer harm.

16. Plaintiffs are entitled to overtime compensation for all hours they worked in excess of forty hours in any given workweek.

3

## DEFENDANTS' FAILURE TO PROPERLY PAY THE FULL AMOUNT OF WAGES DUE TO THEIR HOURLY EMPLOYEES

17. Plaintiff Slayton had an agreement with Defendants to work for a specified hourly wage.

18. Each of Defendants' hourly employees, including Plaintiffs, also had an individual agreement with Defendants to work for a specified hourly wage.

19. After Defendants implemented their "Genesis" computer system, Defendants only paid Plaintiffs for time Plaintiffs worked while they were logged into Defendants' Genesis computer system, rather than paying Plaintiffs for all the hours they actually worked.

20. Defendants knowingly required Plaintiffs to perform unpaid work before and after logging into the Genesis computer system including, but not limited to, work related to booting-up computers, initializing several software programs, and attending meetings with Defendants' managers, supervisors, or other agents.

21. Defendants' practice of failing to compensate Plaintiffs for all hours worked has caused Plaintiffs to suffer harm.

22. Plaintiffs are entitled to receive from Defendants the agreed-upon wages or other compensation for all hours they worked in any given workweek.

## CLASS ACTION ALLEGATIONS

23. Plaintiff Slayton brings this action as a class action on behalf of herself and all other current and former hourly employees of Defendants including, but not limited to, Admissions Advisors.

24. Plaintiff seeks certification of the following Sub-Classes:

Sub-Class Number 1

> All persons who worked for Defendants as hourly employees in Illinois at any time between September 24, 2006 and the present who did not receive the full amount of overtime wages earned and owed to them.

Sub-Class Number 2

> All persons who worked for Defendants as hourly employees in Illinois at any time between September 24, 1999 and the present who did not receive the full amount of hourly wages earned and owed to them.

25. There are questions of law or fact common to the putative Sub-Classes and these questions predominate over any question that may exist with respect to individuals.

26. Plaintiff is informed and so believes that the total number of similarly situated individuals exceeds 100. Therefore, the number of persons in the putative Sub-Classes is so numerous that joinder of all members is impracticable.

27. Plaintiff's claims or defenses are typical of the claims or defenses of the members of the putative Sub-Classes, and Plaintiff will fairly and adequately protect the interests of the putative Sub-Classes.

28. This is not a collusive or friendly action. Plaintiff has retained counsel experienced in complex employment litigation and in class action litigation, and Plaintiff and her counsel will fairly and adequately protect the interests of the putative Sub-Classes.

29. A class action is the most appropriate method for the fair and efficient resolution of the matters alleged herein.

30. At all times relevant hereto, Defendants permitted and employed Plaintiff and the members of the putative Sub-Classes to work.

31. At all times relevant hereto, Plaintiff and the other members of the putative Sub-Classes performed their work within the State of Illinois.

32. At all times relevant hereto, Defendant Kaplan, Inc. has been an "employer" as that term is defined by Section 3(c) of the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Section 2 of the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

33. At all times relevant hereto, Defendant Kaplan Higher Education Corporation has been an "employer" as that term is defined by Section 3(c) of the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Section 2 of the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

34. At all times relevant hereto, Defendant Iowa College Acquisition Corp., d/b/a Kaplan University and also d/b/a Kaplan University Group, has been an "employer" as that term is defined by Section 3(c) of the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Section 2 of the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

35. At all times relevant hereto, Plaintiff and the other members of the putative Sub-Classes have been "employees" of Defendants, as that term is defined by Section 3(d) of the Illinois Minimum Wage Law, 820 ILCS 105/3(d), and Section 2 of the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

## COUNT I – ILLINOIS MINIMUM WAGE LAW

36. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 35 as Paragraph 36 of this Count I.

37. Plaintiff and the other members of the putative Sub-Classes seek to recover from Defendants unpaid wages, penalties, attorneys' fees, and costs pursuant to Section 12(a) of the Illinois Minimum Wage Law, 820 ILCS 105/12(a).

38. At all times relevant, and at Defendants' request, Plaintiff and the other members of the putative Sub-Classes performed labor for Defendants.

39. Defendants' practice of requiring Plaintiff and the other members of the putative Sub-Classes to work for Defendants in excess of forty hours per workweek but failing to pay them 1.5 times their hourly rate has resulted in Plaintiffs not being paid the full amount of overtime wages owed to them, in violation of Section 4a of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

40. Plaintiff and the other members of the putative Sub-Classes have been damaged by not being paid the proper amount of overtime wages due to them, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, Plaintiff prays that this Court award Plaintiff the following relief under Count I: (a) certify Sub-Class Number 1 as defined in Paragraph 24 pursuant to 735 ILCS 5/2-801 and appoint Converse & Brown, LLC as class counsel; (b) award Plaintiff and the other members of Sub-Class Number 1 all unpaid wages they earned, plus applicable statutory penalties; (c) award Plaintiff and the other members of Sub-Class Number 1 their attorneys' fees and costs; and (d) grant such further relief as this Court deems equitable and just.

## COUNT II – ILLINOIS WAGE PAYMENT AND COLLECTION ACT

41. Plaintiff realleges and incorporates by reference Paragraphs 1 through 35 as Paragraph 41 of this Count II.

42. During the relevant period, and at Defendants' request, Plaintiff and the other members of the putative Sub-Classes performed labor for Defendants.

43. In exchange for said labor, Defendant promised to pay Plaintiff and each member of the putative Sub-Classes at an hourly rate agreed upon between each individual Plaintiff and Defendants.

44. Plaintiff and the other members of the putative Sub-Classes are entitled to be paid the hourly rate agreed upon for all hours worked by Plaintiffs, pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/4.

45. Defendants have failed to pay Plaintiff and the other members of the putative Sub-Classes the full amount due for all hours worked, because Defendants required Plaintiffs to perform certain of their duties without any compensation, in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/4.

46. Plaintiff and the other members of the putative Sub-Classes have been damaged by not being paid the full amount of wages due to them for all hours worked, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, Plaintiff prays that this Court award Plaintiff the following relief under Count II: (a) certify Sub-Class Number 2 as defined in Paragraph 24 pursuant to 735 ILCS 5/2-801 and appoint Converse & Brown, LLC as class counsel; (b) award Plaintiff and the other members of Sub-Class Number 2 all unpaid wages they earned, plus applicable statutory penalties; (c) award Plaintiff and the other members of Sub-Class Number 2 their attorneys' fees and costs; and (d) grant such further relief as this Court deems equitable and just.

Respectfully submitted,

DAWANYIA SLAYTON, individually and on behalf of a class of persons similarly situated,

By: _____
One of Plaintiff's Attorneys

Jeffrey Grant Brown
Peter E. Converse
Converse & Brown, LLC

105 West Adams Street
Suite 3000
Chicago, Illinois 60603
(312) 789-9700
Firm No.: 42353