UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DAWANYIA SLAYTON**, individually and on behalf of a class of persons similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**KAPLAN INC.**, a Delaware corporation: )<br>**KAPLAN HIGHER EDUCATION CORPORATION**, a Delaware corporation: and )<br>**IOWA COLLEGE ACQUISITION CORP.**, a Delaware corporation, d/b/a **KAPLAN UNIVERSITY**, and also d/b/a **KAPLAN UNIVERSITY GROUP**, )<br>)<br>Defendants. ) | No. 09-cv-06977<br><br>Judge George W. Lindberg<br>Magistrate Judge Susan E. Cox |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Kaplan Inc., Kaplan Higher Education Corporation, and Iowa College Acquisition Corp. hereby move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendants submit herewith a supporting memorandum of law and further state as follows:

1. Plaintiff Dawanyia Slayton generically alleges that she is a former employee of all three Defendants, and that she and other similarly situated current and former hourly employees of Defendants were required to work "off the clock" without compensation and were not paid time-and-a-half for overtime hours worked. As a result, Plaintiff claims that Defendants violated the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* (Count I), and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.* (Count II).

2. As explained in the accompanying memorandum, Plaintiff's Complaint should be dismissed now because she has not pleaded any facts to support her allegation that ***all*** of the

Defendants (as opposed to any one of them) were her "employer" under the IMWL or the IWPCA. This failure dooms Plaintiff's Complaint under the standard set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and by this Court in *Bohr v. Corrigan Moving Systems,* No. 09 C 4281, 2009 WL 3517748 (N.D. Ill. Oct. 29, 2009).

      3.      Accordingly, Plaintiff should be required to identify which Defendant (if any) was her alleged employer, and to dismiss the other two Defendants; or allege sufficient facts that would support a theory of joint employer liability. Until then, her Complaint should be dismissed.

WHEREFORE, for the reasons set forth herein and in the accompanying memorandum of law, the Court should dismiss Plaintiff's Complaint.

Dated: December 10, 2009

Respectfully submitted,

KAPLAN INC., KAPLAN HIGHER EDUCATION CORPORATION, and IOWA COLLEGE ACQUISITION CORP.

By:  s/ Arthur J. Rooney
      One Of Their Attorneys

Michael R. Levinson
Noah A. Finkel
Arthur J. Rooney
Jessica E. Chmiel
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, IL 60603
Tel.: (312) 460-5000
Fax: (312) 460-7000

**CERTIFICATE OF SERVICE**

Arthur J. Rooney, an attorney, hereby certifies that on December 10, 2009, he caused true and correct copies of the foregoing to be served via the Court's electronic filing system on the following attorneys of record in this matter:

>Jeffrey Grant Brown
>Peter E. Converse
>Converse & Brown, LLC
>105 West Adams Street, Suite 3000
>Chicago, IL 60603

    s/ Arthur J. Rooney