# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | Susan E. Cox |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6977 | **DATE** | 5/31/2011 |
| **CASE TITLE** | Dawanyia Slayton vs. Kaplan, Inc., et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's counsel has filed a motion to clarify this Court's previous minute order striking the settlement conference set for May 25, 2011. In attempts to clarify any confusion, plaintiff's motion is granted in part, but denied as to plaintiff's request to strike the language from the Court's May 25, 2011 order [dkt. 82]. Hearing on Plaintiff's motion to clarify Order of May 25, 2011 [dkt. 82] set for May 31, 2011 at 9:30 a.m. is stricken.

■[ For further details see text below.]

Docketing to mail notices.
*Copy to judge/magistrate judge.

## STATEMENT

Plaintiff's counsel has filed a motion to clarify this Court's previous minute order striking the settlement conference set for 5/25/11. Plaintiff's counsel, apparently, is not clear on the Court's rules on settlement, found in the Court's Standing Order, and the application of Local Rule 54.3, which only governs the filing of a fee motion that seeks an award of attorney's fees. We will attempt to clarify any confusion here. Plaintiff's motion is, therefore, granted in part and denied in part [dkt. 82].

In the motion, plaintiff's counsel first outlines the communications that took place prior to the scheduled settlement conference and notes that he had "concern about having any ex parte discussions about the merits of the parties' dispute."[1]  But the email communications and the phone call with the Court's judicial assistant involved no discussion on the merits. To the contrary, the communications included an email requesting certain itemized attorneys' fees and cost information, and a follow-up phone call attempting to get the required documentation when plaintiff's counsel failed to include it in his response. Specifically, counsel only provided a total number of hours worked, and *his estimation* of the breakdown between hours worked toward class issues and those hours spent litigating plaintiff's individual claims. The distinction between hours worked on class issues and hours worked on plaintiff's individual case is now important because the district court denied class certification. The only remaining issue, then, is damages relating to plaintiff's individual claim. The Court's review of the correspondence between counsel shows that the parties are close to an agreement on what plaintiff, herself, could recover in backpay and penalties. This leaves only counsel's claim for attorneys fees as a disputed issue. Counsel has claimed - for purposes of settlement - an amount in attorney's fees that is more than 20 times what plaintiff, herself, could receive in damages. With this kind of discrepancy, the need for an itemization of those fees becomes imperative to resolving the dispute. The request for itemization was, therefore, certainly within the purview of settlement negotiations, which are not bound by the typical restraints on discovery or rules of evidence. It was also required by the Court's Standing Order. The Standing Order specifically instructs all counsel to include itemization of damages in their settlement demand. In other words, counsel was in violation

of the rules prior to these additional requests by the Court.

We move next to plaintiff counsel's second confusion, which is also somewhat specious. He claims to have been "unaware" that the itemized records requested were to be produced for in camera inspection. Yet in the same motion, counsel also believed opposing counsel was not involved in these communications or the inquiry. Both understandings are incorrect. The Court's request was just that, a request from the Court. There was no discussion or indication that the records would be read by anyone but Judge Cox. Regarding counsel's belief that defendant's counsel was unaware of the communications, that is also false. Defendant's counsel was informed, by the judge's judicial assistant, that the Court was seeking additional records prior to the conference.

Finally, plaintiff counsel's willingness, in his motion, to exchange fee records only according to Local Rule 54.3 is both unnecessary and an incorrect application of the Rule. This rule applies to a pleading or motion seeking an award of attorney's fees pursuant to Federal Rule of Civil Procedure 54, which governs judgments. Plaintiff's counsel has wholly conflated litigation practice, and the procedural requirements therein, with settlement. Local Rule 54.3 instructs the parties on the filing of a fee motion, not the exchange of documents for purposes of resolving litigation in settlement. But either way, even if plaintiff's counsel wishes to be guided by Local Rule 54.3 principles, the outcome is the same. Just as in settlement, "[a]ll information furnished by any party...shall be treated as strictly confidential by the party receiving the information."[2] The Court sees no reason why the application of this rule would restrict plaintiff's counsel's submission of the requested itemized records.

As a final point, we note that plaintiff's counsel has a right to withhold the records that reflect his hours worked. But because that has already been determined to be a necessary element in any resolution to this case - one that the Court and counsel stressed at the parties' pre-settlement conference hearing - the Court sees no reason to proceed with a settlement conference without that information. We, therefore, grant plaintiff's motion inasmuch as we have clarified the issue, but deny plaintiff's request to strike the language from the Court's May 25,2011 order. As it stands, plaintiff's counsel failed to comply with the Court's rules governing settlement.

---

1. Pl's Mt to Clarify Order, ¶ 9, dkt. 82.

2. LR 54.3(d).